UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELLEN WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5977** |
| **INTEGON NATIONAL INSURANCE COMPANY** | **SECTION: D (1)** |

## ORDER AND REASONS

Before the Court is Defendant Integon National Insurance Company's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff Ellen Williams filed a response to the Motion[2] and the Defendant filed a Reply in support of its Motion.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a dispute over Hurricane Ida insurance claims. Plaintiff Ellen Williams owns residential property located at 331 Allen Street in Houma, Louisiana (the "Property").[4] The Property is subject to a mortgage in favor of Flagstar Bank.[5] The Defendant, Integon National Insurance Company, issued a residential property policy bearing policy number 7018-0002 (the "Policy") covering the Property

---

[1] R. Doc. 8.
[2] R. Doc. 10.
[3] R. Doc. 12.
[4] *See* R. Doc. 1-2 at ¶ 5.
[5] *See* R. Doc. 8-2; R. Doc. 8-1 at p. 3.

for the relevant time period to Flagstar Bank as mortgagee.[6] The Plaintiff is not listed as a named insured or an additional insured on the Policy.[7]

On August 29, 2021, the Plaintiff's property sustained extensive damage due to Hurricane Ida.[8] Plaintiff alleges that she promptly reported the loss to Defendant.[9] According to Plaintiff, the Defendant "performed an initial inspection of the loss and damage to the Insured Property" and had "ample time to investigate and inspect the damage to the Insured Property."[10] Plaintiff alleges that the payments made by the Defendant to date have been "woefully inadequate" and that the Defendant has failed to fully pay her the amounts due under the Policy.[11]

Plaintiff initially filed suit on August 15, 2023 in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana seeking to recover damages for Defendant's alleged failure to timely pay Plaintiff's insurance claims and also to recover extra-contractual penalties pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.[12] In her Petition, Plaintiff asserted claims against Defendant for breach of contract and bad faith, alleging that Defendant did not fully and timely pay Plaintiff's insurance claims.[13] The Defendant timely removed the matter to this Court on October 11, 2023.[14]

---

[6] *See* R. Doc. 8-2; R. Doc. 8-3.
[7] *See* R. Doc. 8-2 at p. 5.
[8] *See* R. Doc. 1-2 at ¶¶ 9–13.
[9] *See id.* at ¶ 14.
[10] *Id.* at ¶¶ 15–16.
[11] *Id.* at ¶¶ 17–20.
[12] *See* R. Doc. 1-2.
[13] *See id.*
[14] R. Doc. 1.

In the instant Motion, Defendant argues that Plaintiff's complaint must be dismissed because Plaintiff is not a named insured or additional insured under the Policy nor is she a third-party beneficiary of the Policy.[15] Defendant asserts that it is the named insured as it procured the Policy to protect its interest as the mortgagee of Plaintiff's residence after Plaintiff failed to provide proof that she had purchased the required insurance.[16] Accordingly, Defendant asserts, Plaintiff does not have a legally cognizable claim for insurance coverage against Defendant. Defendant additionally argues that because Plaintiff's breach of contract claim fails, her claim for bad faith failure to pay an insurance claim necessarily also fails.[17]

Plaintiff responded to Defendant's Motion, conceding that she is not a named insured or additional insured under the Policy but contending that she is a third-party beneficiary of the Policy.[18] Plaintiff argues that she meets the conditions for a third-party beneficiary because the Policy is intended to benefit her, the benefit to her is certain, and the benefit is not merely incidental to the Policy.[19] Plaintiff also argues that the Court should not dismiss her bad faith claims because she has adequately pleaded her breach of contract claim. Finally, Plaintiff asks for the opportunity to amend her complaint should the Court grant the Defendant's Motion.[20]

---

[15] *See* R. Doc. 8-1 at p. 3.
[16] *Id.*
[17] *See id.* at p. 7.
[18] *See* R. Doc. 10.
[19] *Id.*
[20] *Id.* at pp. 19–20.

The Defendant filed a reply in support of its Motion, arguing that Plaintiff failed to allege that she is a third-party beneficiary of the Policy and that Plaintiff cannot rely upon her own loss estimates as she has no rights under the Policy to adjust any losses with the Defendant. Accordingly, Defendant asks this Court to grant its Motion and dismiss Plaintiff's claims.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[21] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[22] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[24]

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[25] The Court, however, is not bound to accept as true conclusory allegations, unwarranted

---

[21] Fed. R. Civ. P. 12(b)(6).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff appears to mistakenly misstate the legal standard in its briefing, contending that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." R. Doc. 10 at p. 4 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). That case was abrogated by *Twombly* in 2007. *See Twombly*, 550 U.S. at 564 ("retiring" *Conley*'s "no set of facts" language).
[23] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678) (quotation marks omitted).
[24] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[25] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

factual inferences, or legal conclusions.[26] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[27] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[28]

### III.  ANALYSIS

Defendant moves to dismiss Plaintiff's claim against it on the ground that Plaintiff cannot sue under the Policy because she is not a named insured, additional insured, or third-party beneficiary of the Policy. As the Policy is attached to Defendant's Motion and is referenced in and central to Plaintiff's claims, the Court finds it appropriate to consider it in its analysis without converting the Motion into a motion for summary judgment.[29] In order to state a claim for breach of an insurance policy, a plaintiff must be either a named insured, an additional named insured, or an intended third-party beneficiary of the policy.[30] Because the Court finds that Plaintiff has not sufficiently pleaded facts establishing that she falls under any of these three categories, Plaintiff's claims necessarily fail.

---

[26] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[27] *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[28] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340–41 (5th Cir. 2011).
[29] *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).
[30] *Barbe v. Ocwen Loan Servicing, LLC*, 383 F. Supp. 3d 634, 641 (E.D. La. 2019) (citing *Guthrie Brown v. Am. Modern Home Ins. Co.*, No. 16-16289, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017)).

It is undisputed that the Plaintiff is neither the named insured on the Policy nor an additional insured.[31] Although Plaintiff's name is listed on the Policy, she is listed only as a "Borrower" and *not* as a named insured or additional insured.[32] Indeed, the Policy explicitly states that "[t]here is no contract of insurance between the BORROWER [Plaintiff] and lntegon National Insurance Company."[33] The named insured on the Policy is Flagstar Bank who, as mortgagee on the Property, purchased this "lender-placed" Policy because of the Plaintiff's failure to obtain a homeowner's insurance policy.[34] As the Fifth Circuit has explained, a "lender-placed" or "force-placed" policy "insures the lender's collateral when the borrower fails to maintain a specific type of insurance . . . [and] allows the lender to protect its exposure on a property up to the amount of the mortgage on the date of issuance."[35]

While conceding that she is neither the named insured nor an additional insured, Plaintiff argues that she nevertheless constitutes a third-party beneficiary of the Policy. Under Louisiana law, a third-party beneficiary must be created by contract, known as a stipulation *pour autrui*, and is never presumed.[36] To establish a stipulation *pour autrui*, a party must demonstrate that: "(1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the

---

[31] *See* R. Doc. 10 at p. 9 ("Plaintiff does not dispute that it is neither a named insured nor an additional insured under the Policy.").
[32] R. Doc. 8-2 at p. 5.
[33] *Id.*
[34] *Id.* at pp. 2, 5.
[35] *Williams v. Certain Underwriters At Lloyd's of London*, 398 Fed. Appx. 44, 45 (5th Cir. 2010).
[36] *See Johnson v. Am. Sec. Ins. Co.*, 650 F. Supp. 3d 483, 488–89 (E.D. La. 2023) (Vitter, J.) (citing *Joseph v. Hosp. Serv. Dist. No. 2 of Parish St. Mary*, 2005-2364 (La. 10/15/06); 939 So. 2d 1206, 1212).

promisor and the promisee."[37]  "The question of whether a stipulation *pour autrui* exists is a 'question of what was the intention of the parties, and that intention must be gathered, just as in the case of any other contract, from reading the contract, as a whole, in light of the circumstances under which it was entered into.'"[38]

In her state court Petition, Plaintiff makes no mention whatsoever of being an alleged third-party beneficiary of the Policy or that the Policy was obtained by the mortgagee, Flagstar Bank, not her.[39]  Nevertheless, in her response in opposition to the Motion, Plaintiff points to the loss payment language in the Policy to argue that a stipulation *pour autrui* exists in her favor.  Here, the Policy specifically states that the Defendant "will adjust each LOSS with [Flagstar Bank] and will pay [Flagstar Bank]."[40]  The Policy further provides that "[i]f the amount of LOSS exceeds [Flagstar Bank's] insurable interest, WE will pay the [Plaintiff] any residual amount due for the LOSS, not exceeding the Limit of Liability indicated on the NOTICE OF INSURANCE."[41]  Thus, under certain conditions, the Plaintiff *may* obtain a benefit under the Policy from the Defendant.

Plaintiff fails to establish that she meets all three required elements for a stipulation *pour autrui*.  Several sections of this court have previously considered similar policies with nearly identical language and have generally held that even though some benefits may inure to the plaintiff, such benefits are merely incidental

---

[37] *Id*.
[38] *In re Katrina Canal Breaches Consol. Litig.*, 09-1600, 2010 WL 11541602, at *6 (E.D. La. Apr. 1, 2010) (quoting *Allen v. Curry Mfg. Co. v. Shreveport Waterworks Co.*, 37 So. 980, 984 (La. 1905)).
[39] *See generally* R. Doc. 1-2.
[40] R. Doc. 8-3 at p. 60.
[41] *Id*.

to the force-placed insurance policy and thus not sufficient to establish a stipulation *pour autrui*.[42] Other sections have found that while such loss payment language may evince a "manifestly clear" intent to benefit the plaintiff—thus possibly addressing the first factor to demonstrate a stipulation *pour autrui*—the key focus is on whether the loss amount actually exceeds the mortgagee's insurable interest and whether, under the policy, any loss amount exceeding that interest is to be paid to the borrower.[43] Without determining whether the plaintiff in those cases demonstrated a stipulation *pour autrui,* those latter sections have granted plaintiffs leave to amend to provide more specific allegations as to the certainty of any benefit to the plaintiff.[44]

This Court agrees with those sections that have found that any potential benefits to a homeowner-mortgagor pursuant to a forced-place insurance policy secured by a mortgagee are "merely incidental" to the policy and insufficient to demonstrate that the plaintiff is a third-party beneficiary of such policy. To hold otherwise would be to alter the clear language and intent of such policies and ignore the very purpose of a forced-placed policy, *i.e.*, "to cover the uninsured portion of the

---

[42] *See Dail v. Integon Nat'l Ins. Co.*, CV 23-6660, 2024 WL 363322, at *3 (E.D. La. Jan. 31, 2024) (Africk, J.) ("Therefore, any benefit conferred on plaintiffs by the policy was incidental to the mortgagee's coverage."); *Bedi v. Integon Nat'l Ins. Co.*, CV 23-3178, 2023 WL 8622146, at *1 (E.D. La. Dec. 13, 2023) (Vance, J.); *Gisclair v. Great Am. Assurance Co.*, CV 22-3556, 2023 WL 1765922, at *6 (E.D. La. Feb. 3, 2023) (Morgan, J.) ("It is well-settled that, under these circumstances, mortgagors are not third-party beneficiaries of insurance policies their mortgagees place on their properties."); *Riley v. Sw. Bus. Corp.*, CIV.A. 06-4884, 2008 WL 4286631, at *3 (E.D. La. Sept. 17, 2008) (Vance, J.); *In re Katrina Canal Breaches Consol. Litig.*, 2010 WL 11541602, at *7–8; *Harrison v. Safeco Ins. Co. of Am.*, CIV.A. 06-4664, 2007 WL 1244268, at *4–5 (E.D. La. Jan. 26, 2007) (Barbier, J.).
[43] *See Brown v. Am. Modern Home Ins. Co.*, CV 16-16289, 2017 WL 2290268, at *5 (E.D. La. May 25, 2017) (Lemmon, J.) (finding no stipulation *pour autrui* where plaintiff had failed to allege that the amount of the loss exceeds the mortgage balance but granting leave to amend); *Tardo v. Integon Nat'l Ins. Co.*, CV 23-296, 2023 WL 2757088, at *3 (E.D. La. Apr. 3, 2023) (Africk, J.) (same); *Dehart v. Integon Nat'l Ins. Co.*, CV 23-1351, 2023 WL 4846839, at *3 (E.D. La. July 28, 2023) (Fallon, J.).
[44] *See Brown*, 2017 WL 2290268, at *5; *Tardo*, 2023 WL 2757088, at *3; *Dehart*, 2023 WL 4846839, at *4.

Case 2:23-cv-05977-WBV-JVM   Document 13   Filed 05/30/24   Page 9 of 10

*mortgagee's* interest."[45] Here, the very language of the Policy makes clear that the contracting parties did not intend to make the Plaintiff a third-party beneficiary under the Policy. As the Policy explicitly states, "[t]he insurance purchased is intended for the benefit and protection of the NAMED INSURED . . . and may not sufficiently protect the [Plaintiff's] interest in the property."[46] The Court finds this language fails to support a manifestly clear intention to benefit the Plaintiff such that "the direct benefit to the third party constitutes consideration or the condition of the contract."[47] At most, any benefit which may potentially accrue in the Plaintiff's favor is merely incidental to the Policy secured by Flagstar Bank for its own benefit.

Accordingly, the Court shall dismiss Plaintiff's claims for breach of contract for failing to state a claim upon which relief may be granted as Plaintiff lacks any rights to enforce the Policy. Because Plaintiff fails to allege a breach of the insurance policy, it necessarily follows that Plaintiff also fails to allege a bad faith failure by Defendant to pay Plaintiff's claim.[48] These claims too shall be dismissed with prejudice.

Generally, "[t]he Court should freely give leave [to amend a pleading] when justice so requires."[49] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant,

---

[45] *Riley*, 2008 WL 4286631, at *3.
[46] R. Doc. 8-2 at p. 5.
[47] *In re Katrina Canal Breaches Consol. Litig.*, 2010 WL 11541602 (quoting *Rowan Companies Inc. v. Greater Lafourche Port Com'n.*, 2006 WL 2228950, at *9 (E.D. La. Aug. 2, 2006).
[48] If is no valid claim for breach of contract, then, logically, there can be no claim for bad faith breach of the contract. *See, e.g.*, *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 525–26 (5th Cir. 2010) ("[A] plaintiff attempting to base her theory of recovery against an insurer on [22:1892 and 22:1973] must first have a valid, underlying, substantive claim upon which insurance coverage is based." (quoting *Clausen v. Fid. & Deposit Co. of Md.*, 95 0504, p. 3 (La. App. 1 Cir. 8/4/95); 660 So.2d 83, 85.)).
[49] Fed. R. Civ. P. 15(a)(2).

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[50]  However, "i[t] is within the district court's discretion to deny a motion to amend if it is futile."[51]  An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted."[52]  Exercising the discretion afforded under Fed. R. Civ. P. 15 and the pertinent jurisprudence, the Court finds that granting Plaintiff leave to amend her Complaint would be futile in this case as it would fail to cure the deficiencies raised by Defendant in light of the Court's finding that any potential benefit to the Plaintiff is merely incidental to the force-placed insurance policy.

## IV. CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that Defendant Integon National Insurance Company's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)[53] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice**.

New Orleans, Louisiana, May 30, 2024.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[50] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[51] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).
[52] *Id.*
[53] R. Doc. 8.